IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD J. McGRATH, JR.,                )
                                       )
              Plaintiff,               )
                                       )
       v.                              )
                                       ) Civil Action No. 10-130J
MICHAEL J. ASTRUE,                     )
COMMISSIONER OF                        )
SOCIAL SECURITY,                       )
                                       )
              Defendant.               )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 20th day of June, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his DIB and SSI applications on October 2, 2007, alleging disability beginning September 21, 2007, due to AIDS. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on September 4, 2009. On November 12, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 22, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 31 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Although plaintiff has past relevant work experience as an assistant manager, sales clerk, automobile salesman, insurance salesman and security assistant, he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and hearing

AO 72
(Rev. 8/82)

- 2 -

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of AIDS and mild depression and anxiety disorders, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of additional limitations. Plaintiff is limited to occasional standing and walking for four hours in an eight-hour workday. In addition, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes. Further, plaintiff must work primarily with objects rather than people, he is limited to occasional interaction with supervisors, and he must avoid interaction with co-workers and the general public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the

national economy, such as a scale operator, small parts assembler or inspector. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at

steps 2, 3 and 5 of the sequential evaluation process. Plaintiff argues at step 2 that the ALJ erred in failing to find that certain of his claimed impairments are "severe." At step 3, plaintiff argues that the ALJ erred by concluding that his severe impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court finds that these arguments lack merit.

Plaintiff first argues that the ALJ erred in finding that his recurrent condyloma, oral candidiasis, mild gastritis and esophagitis with suspected esophageal moniliasis are not severe impairments. The "severity regulation" applied at step 2 requires that the claimant have a severe impairment, or combination of impairments, which significantly limits his physical or mental ability to perform basic work activities.[1] 20 C.F.R. §§404.1520(c), 416.920(c). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." Newell v. Commissioner of Social Security, 347 F.3d 541, 546 (3d Cir.

---

[1] Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6); 416.921(b)(1)-(6).

2003) (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§404.1521(a), 416.921(a).

Although the principles discussed above indicate that the burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that his claimed impairments are severe. 20 C.F.R. §§404.1512(c), 416.912(c); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as he has not proffered evidence to establish that his recurrent condyloma, oral candidiasis, mild gastritis and esophagitis with suspected esophageal moniliasis present more than a minimal impact on his ability to perform basic work activities.[2] In particular, the court notes that none of plaintiff's treating physicians identified any functional limitations as a result of these conditions. Accordingly, the court finds the ALJ did not err in making his step 2 finding.

Plaintiff next challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine

---

[2]Plaintiff's severity argument is further undermined by the fact that he completed a disability report on which he indicated that AIDS is the only condition that limits his ability to work, not the laundry list of other impairments that he now claims are severe. (R. 144).

whether the claimant's impairments meet or equal one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Burnett</u>, 220 F.3d at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. <u>Burnett</u>, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that he meets or equals a listing under 12.00 (mental disorders) or 14.00 (immune system disorders). Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from the severe impairments of AIDS and mild depression and anxiety disorders. However, the ALJ determined

that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered listings under 12.00 and 14.00, but he found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 12-13). The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal any listing. (R. 12-13).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet, or are equal to, a listing. Other than broadly asserting that he meets or equals a listing under 12.00 or 14.00, plaintiff did not demonstrate that the evidence of record substantiates his argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court concludes that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual

functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he did not consider the testimony of Angi Peacetree, a retired social worker, who previously had assisted plaintiff when he was diagnosed with AIDS.

The ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists. 20 C.F.R. §§404.1513(a), 416.913(a). The ALJ also may consider other opinions about a claimant's disability from individuals who are not deemed an "acceptable medical source," such as a social worker like the now-retired Ms. Peacetree. See 20 C.F.R. §§404.1513(d)(3), 416.913(d)(3) (stating that the Commissioner may use evidence from "other sources" including, inter alia, public and private social welfare agency personnel). Because a social worker is not an acceptable medical source under the Regulations, the ALJ was not required to give any special consideration to Ms. Peacetree's testimony.

In addition to the fact that Ms. Peacetree is not an "acceptable medical source," her restrictive assessment of plaintiff's condition and capabilities, see R. 43-48, is contradicted by other evidence received from acceptable medical sources. Indeed, Drs. Sullivan, Black and McKibbin, who are plaintiff's treating physicians, found his condition to be under

control and improving, and they did not identify any functional limitations that applied to plaintiff. (R. 211, 213-14, 243-44, 282). Accordingly, Ms. Peacetree's testimony, which conflicts with the opinions of plaintiff's treating physicians, is neither pertinent, relevant nor probative of the disability determination, and the ALJ did not err by choosing to disregard it. See Johnson v. Commissioner of Social Security, 529 F.3d 198, 204 (3d Cir. 2008) (recognizing that an ALJ may overlook evidence that is neither pertinent, relevant nor probative).

Plaintiff's final argument is that the Appeals Council erred by failing to adequately consider an insurance form report completed by Dr. Sullivan on July 13, 2009, on which he indicated plaintiff is disabled. (R. 290-91). Plaintiff's argument lacks merit, as this court has no authority to review the actions of the Appeals Council in denying review.

As the Third Circuit explained in Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001), the standards for judicial review are governed by the Social Security Act. Pursuant to §405(g), a claimant who is unsuccessful in the administrative process may seek judicial review of the final decision of the Commissioner denying benefits. However, where the Appeals Council denies a claimant's request for review, it is the ALJ's decision which is the final decision of the Commissioner, and it is that decision the court is to review. Matthews, 239 F.3d at 592. As the Matthews court explained, "[n]o statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to

deny review." Id. at 594.

Thus, to the extent plaintiff requests this court to review the Appeals Council's decision to deny review, we have no statutory authority to do so. Rather, it is the ALJ's decision, the final decision of the Commissioner, that is before this court for judicial review. As Dr. Sullivan's July 13, 2009, form report was not presented to the ALJ, that document may not be considered by this court in conducting its substantial evidence review. Matthews, 239 F.3d at 594-95.

Moreover, to the extent plaintiff suggests that this case should be remanded to the Commissioner pursuant to sentence six of §405(g) for consideration of the form report completed by Dr. Sullivan, he has not established that remand is appropriate. When a claimant seeks to rely on evidence that was not before the ALJ, the court may remand the case to the Commissioner if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. Matthews, 239 F.3d at 593. Here, plaintiff has not demonstrated that a sentence six remand is warranted.

Evidence is considered "new" if it was not in existence or not available to the claimant at the time of the administrative proceeding. Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Dr. Sullivan completed the form report on July 13, 2009, prior to the administrative hearing before the ALJ which was held on September 4, 2009. Thus, the report was available to plaintiff and he could have submitted it to the ALJ at the hearing.

AO 72
(Rev. 8/82)

Furthermore, the form report is not material. It appears Dr. Sullivan completed the report for an insurance company, and he simply checked a box indicating plaintiff was disabled. (R. 291). Dr. Sullivan did not cite any medical evidence to support his opinion, and it conflicts with his earlier assessment of plaintiff's functional capabilities that he is capable of at least light work with certain restrictions. (R. 213-14). In addition, the form report is contradicted by other medical evidence from Drs. Black and McKibbin indicating plaintiff's condition was under control and improving. (R. 243-44, 282).

Finally, plaintiff has not demonstrated good cause for failing to timely submit Dr. Sullivan's form report. As stated above, Dr. Sullivan completed the form report on July 13, 2009, and the administrative hearing was not held until September 4, 2009. Plaintiff could have submitted the report to the ALJ at the administrative hearing, but he failed to so. Instead, he belatedly submitted it to the Appeals Council. Such delay does not satisfy the good cause requirement, and a sentence six remand is not warranted in this case.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not

AO 72
(Rev. 8/82)

otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge


cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901

AO 72
(Rev. 8/82)